HILL, Circuit Judge,
concurring:
I concur because the law of this circuit requires that I must. I write separately to endorse the idea expressed in footnote 3 that § 2255 is “literally” inadequate and ineffective to test the legality of an erroneously imposed ACCA-enhanced sentence in excess of the statutory maximum, thereby opening the portal to habeas relief under § 2241. I disassociate myself, however, from the dicta also expressed in the footnote that guideline enhancements and the guideline sentences for the underlying crimes — like ducks and donkeys — are not the same things, and, therefore, should not be treated the same. Tell this to the petitioner who is literally factually innocent of the sentencing enhancement — that is, he is not, nor has he ever been, guilty of three prior violent felonies. Tell him that the error in the enhancement is beyond our power to fix because it is a duck not a donkey.
Distinguishing between ducks and donkeys is a meaningless exercise when, behind the curtain, both are the government. It is the government that unlawfully deprives us of our liberty when it applies an invalid enhancement to a sentence. It is the government that is forbidden to do so by the Constitution.
If our government can incarcerate people for time beyond that provided for by law simply because we call the incarceration a duck instead of a donkey, there is no constitutional guarantee against deprivation of liberty in this country.